1 | Mark G. Tratos (Bar No. 1086)
2 | Ronald D. Green Jr. (Bar No. 7360)
  | Laraine M. I. Burrell (Bar No. 8771)
3 | Andrew D. Sedlock (Bar No. 9183)
  | GREENBERG TRAURIG, LLP
4 | 3773 Howard Hughes Parkway
  | Suite 500 North
5 | Las Vegas, Nevada 89169
  | Telephone: (702) 792-3773
6 | Facsimile: (702) 792-9002

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| Wynn Resorts Holdings, LLC, a Nevada Limited Liability Company, | Case No. CV-S-05-1443-LDG-LRL |
|---|---|
| Plaintiff, | **AMENDED DEFAULT JUDGMENT** |
| v. | |
| Elliot Fisher, an individual, | |
| Defendant. | |

Plaintiff Wynn Resorts Holdings, LLC, having filed a Motion for Entry of Default Judgment against Defendant Elliot Fisher pursuant to Rule 55 of the Federal Rules of Civil Procedure; the Defendant having failed to respond to, or answer, Plaintiff's Complaint previously served upon Defendant; the Clerk of the Court having entered Default against Defendant on July 26, 2006; this Court having now given due consideration to Plaintiff's Motion for such judgment as well as papers, pleadings, and exhibits offered in support thereof; and the Court being further fully advised in the matter and there having been no appearance made by Defendant, it is therefore,

ORDERED, ADJUDGED and DECREED that Judgment be entered in favor of Plaintiff Wynn Resorts Holdings, LLC, and against Defendant Elliot Fisher, on all counts of Plaintiff's Complaint; and, it is further ordered and adjudged that said Judgment shall include the following specific findings of fact and award of specific relief:

a.  Plaintiff Wynn Resorts Holdings, LLC, is the owner of certain WYNN trademarks and variations thereof used in relation to casino and resort-hotel and travel reservation services as identified in the Complaint;

b.  Plaintiff Wynn Resorts Holdings, LLC's WYNN marks are famous;

c.  Defendant registered and used the Infringing Domain Names <wynninmacau.com>, <wynnhongkong.com> and <wynnatlanticcity.com> with the bad faith intent to profit from his use of Plaintiff's marks;

d.  Defendant offered to sell the Infringing Domain Names through his websites accessible at <wynninmacau.com>, <wynnhongkong.com> and <wynnatlanticcity.com>;

e.  Plaintiff and Defendant are competitors and the respective services offered by each are similar;

f.  Defendant's use of the term WYNN in connection with his services is likely to cause confusion as to the source and origin of Defendant's services;

g.  Defendant's use of the term WYNN in connection with his services has and is likely to continue to cause dilution of Plaintiff Wynn Resorts Holdings, LLC's WYNN marks;

h.  Should Defendant's use of the term Wynn continue, Plaintiff will continue to suffer irreparable injury to its good will and reputation which was established through use of the WYNN marks and for which an award of damages would be inadequate.

i.  Should Defendant's use of the term WYNN continue, Plaintiff will continue to suffer irreparable injury as the Wynn marks will lose their capacity to identify

2.

DEFAULT JUDGMENT 87134.020051

its goods and services; i.e., they will be diluted, for which an award of damages would be inadequate;

j.  Defendant acted willfully in his infringement and dilution of the WYNN marks; and

k.  Defendant is liable for his infringement, dilution, unfair competition and cybersquatting.

THEREFORE, IT IS HEREBY ORDERED that the Defendant Elliot Fisher, his respective officers, agents, servants, employees, and/or all persons acting in concert or participation with him, (1) from using Plaintiff's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on web sites and in domain names); and (2) from registering, owning, leasing, selling or trafficking in any domain name containing Plaintiff's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs;

IT IS FURTHER ORDERED that Verisign, Inc., the registry, shall be required under 15 U.S.C. § 1125 (d)(2)(D)(i) to change the registrar of record for the domain names <www.wynninmacau.com>, <www.wynnhongkong.com>, and <wynnatlanticcity.com> to Tucows, Inc., which will subsequently permanently transfer the <www.wynninmacau.com>, <www.wynnhongkong.com>, and <wynnatlanticcity.com> domain names to Plaintiff;

IT IS FURTHER ORDERED that Defendant pay Plaintiff $1,000 in nominal damages for corrective advertising;

IT IS FURTHER ORDERED that Defendant pay Plaintiff statutory damages of $100,000;

IT IS FURTHER ORDERED that Defendant pay Plaintiff's attorneys' fees and costs in the amount of $4,032.40;

///

///

DEFAULT JUDGMENT 87134.020051

1   IT IS FURTHER ORDERED that Plaintiff's cash deposit of Three Hundred Dollars
2   ($300.00) be released from the Registry Account of this Court and returned to Greenberg
3   Traurig.
4   IT IS FURTHER ORDERED that jurisdiction of this case shall be retained by this
5   Court for the purpose of enforcement of this Judgment.

_____
UNITED STATES DISTRICT JUDGE
DATED: 9 MAR 2007

Submitted by:

GREENBERG TRAURIG, LLP

_____
Mark G. Tratos (Bar No. 1086)
Ronald D. Green Jr. (Bar No. 7360)
Laraine M. I. Burrell (Bar No. 8771)
Andrew D. Sedlock (Bar No. 9183)
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Counsel for Plaintiff

4.

DEFAULT JUDGMENT 87134.020051